**BROWN & WHALEN, P.C.**
ATTORNEYS AT LAW
260 MADISON AVENUE
17TH FLOOR
NEW YORK, NEW YORK 10016

RODNEY A. BROWN
RYAN J. WHALEN

JULIA GAVRILOV
JANINE J. WONG

TELEPHONE (212) 421-1845
FACSIMILE (212) 421-8418
EMAIL: INFO@BROWNWHALEN.COM

January 7, 2014

**BY ECF**

The Honorable Sidney H. Stein
U.S. States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Idelle Labs, Ltd. v. Dina Wein Reis et al.
      Civil No. 10-cv-4284

Dear Judge Stein:

We are the attorneys for Plaintiff Idelle Labs, Ltd. in the above-referenced action.

On January 3, 2014, I filed with the Court an Affidavit of Actual Engagement, stating that I would be engaged in a trial in the action entitled, Steven Tanger v. Alfred Ferrer III and Eaton & Van Winkle, LLP, Index No. 116838/05 (N.Y. Sup. Ct.), which was scheduled commence on January 6, 2014. I appeared in Court the morning of January 6th for the start of said trial. We learned that morning that although the case was marked "final," based on a motion brought on by order to show cause filed the day after Christmas, followed by another motion by the defendants, the next day, the Court decided to adjourn the trial.

In light of Plaintiff's need to use of the first six days of January to adequately prepare for and appear at said trial (having been under the reasonable assumption that the trial was moving forward as marked), Plaintiff respectfully requests that the Court extend the January 14th discovery deadline set by the Court in its December 12th Order to January 21, 2014. It is Plaintiff's position that, based on the Court's directive at the parties' December 11th hearing that "[t]he time from January 1 until the end of the trial will be tolled," (see page 28 of the Hearing Transcript, pertinent pages of which are annexed hereto as Exhibit A) and in light of the above, Plaintiff's request to Court toll the discovery deadline by such limited number of days is not unreasonable, and will not be prejudicial to any party. If anything, it will permit the parties to adequately schedule the remaining non-party depositions, particularly in accordance with the non-party witnesses' schedules. As it currently stands, depositions have been scheduled for every day from January 8th through January 14th. However, the depositions of crucial non-party witnesses such as Michael Mermelstein and Quality King Distributors, Inc., to name a few, have not yet been scheduled due to the lack of days remaining before the currently scheduled January 14th discovery deadline.

BROWN & WHALEN, P.C.

The Honorable Sidney H. Stein
January 7, 2014
Page 2 of 2

   If the Court grants Plaintiff's above request for the limited extension of the discovery deadline to January 21, 2014, the only dates affected that would require rescheduling by the Court would be the parties' pre-trial conference, currently scheduled for January 17, 2014 at 9:00 a.m., and the letters by the parties concerning any disputes they wish to raise at the January 17th conference, which are currently scheduled to be due on January 14th, with responsive letters due January 16th.

   It should also be noted that the Court has extended Defendants' deadline to submit an affidavit by the State Department concerning the confiscation of Defendant Reis' passport to January 21, 2014. If Plaintiff wishes to raise any issues concerning the foregoing affidavit with the Court, it would wish to do so at the pretrial conference and, by virtue of same, in its letter submission to the Court in the days prior to the pretrial conference. Therefore, an adjournment of the pretrial conference, and the letter submissions by the parties regarding disputes to be raised at said conference, to a date after January 21st would, in all events, permit the parties to raise any and all outstanding disputes in an efficient and comprehensive manner with the Court.

   This is the first such application by Plaintiff. Messrs. Hiller and Cohen have advised us this afternoon via email that they do not consent to our request for the brief extension of the discovery deadline, without providing any reason for their position. We believe this is because Defendants have reserved January 8, 10 and 14 for the depositions of their remaining witnesses, and do not wish to extend the same courtesy to Plaintiff's witnesses.

                 Respectfully submitted,

                  Rodney A. Brown

RAB:jg

cc: Michael S. Hiller, Esq. (By ECF)
   Yitzchak Cohen, Esq. (By ECF)